UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TRENT SMITH and TODD SMITH,                )
                                            )      CASE NO: **07-80367**
                Plaintiffs,                 )
vs.                                         )      JUDGE **CIV-MIDDLEBROOKS**
                                            )
ERIC MAGUN, LISA MAGUN,                     )
DALONG ENTERPRISES, LLC, a Florida          )      **MAGISTRATE JUDGE**
Limited Liability Company, and              )      **JOHNSON**
ATMOSPHERE INTERNATIONAL, INC.,             )
a Florida Corporation,                      )
                                            )
                Defendants.                 )
_____        )

## COMPLAINT

Plaintiffs Trent Smith and Todd Smith (hereinafter, referred to as "Smiths"), by and

through their undersigned counsel, brings this action against Defendants, Eric Magun, Atmosphere

International, Inc., and Dalong Enterprises, LLC and allege as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. §§ 1331 and 1338(a) based on the United States Copyright Act, 17 U.S.C. § 501 et

seq.

2.      This Court has personal jurisdiction over all the Defendants based on the

following: Defendants are transacting, doing, and soliciting business in this District; a substantial

part of the relevant events giving rise to the Complaint occurred in this District; and a substantial part

of the property that is the subject of this action is situated here.

### PARTIES

3.      Plaintiff Trent Smith, is a co-owner, and managing partner of Got Tiki?, LLC

d/b/a Island Tiki.

4. Plaintiff Todd Smith, is a co-owner, and a managing partner of Got Tiki?, LLC d/b/a Island Tiki.

5. Defendant, Eric Magun ("Magun"), is an individual residing in Delray Beach, Florida and at all times relevant to this action, has owned and controlled, and continues to own and control, both Atmosphere International, Inc. and Dalong Enterprises, LLC.

6. Defendant, Atmosphere International, Inc. ("Atmosphere"), is a Florida for profit corporation with its principal place of business located at 904 N.W. 1st Avenue, Palm Beach County, Delray Beach, Florida.

7. Defendant, Dalong Enterprises, LLC ("Dalong"), is a Florida limited liability company with its principal place of business located at 904 N.W. 1st Avenue, Palm Beach County, Delray Beach, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8. In July of 2005, Trent Smith and Todd Smith created the company known as "Island Tiki, Inc." ("Tiki Inc.") and began designing, carving, and selling tiki statutes.

9. On December 5, 2005, the Smiths agreed to hire Magun and Atmosphere as a consultant and broker for the Smiths, and the parties executed the "Product Design Consulting & Sales Contract" ("Consulting Agreement"). A true and correct copy of the Consulting Agreement is attached hereto as "Exhibit 1."

10. On May 1, 2006, the Smiths submitted seven (7) copyright applications for various tikis. The Smiths are the sole designers and creators of Island Tiki line products; therefore, all copyrights were registered solely in the Smiths' name. True and correct copies of the Certificate

of Registration from the United States Copyright Office for the various tikis are attached hereto as "Exhibit 2."

11.      On May 26, 2006, the Smiths along with Plaintiff Magun formed and filed the Articles of Organization for "Got Tiki? LLC" ("Got Tiki"). A true and correct copy of the Articles of Organization are attached hereto as "Exhibit 3."

12.      In the Articles of Organization, the Smiths and Defendant Magun are listed as managing members of Got Tiki.

13.      On May 30, 2006, Got Tiki filed an application for registration of fictitious name "Island Tiki." A true and correct copy of the Application is attached hereto as "Exhibit 4." Hereinafter, Got Tiki and Got Tiki d/b/a Island Tiki will individually and collectively be referred to as the "Business" or "Island Tiki."

14.      On January 4, 2007, the Smiths received a notice from Magun stating he was leaving the Business ("Notice"). A true and correct copy of the Notice is attached hereto as "Exhibit 5."

15.      After Magun submitted his Notice, the Smiths discovered Eric Magun and his wife Lisa Magun without the requisite authority or notice: (a) withdrew money from the new Business account; (b) forged Business checks; (c) misappropriated Business funds; (d) cancelled the TPIE and Surf Expo trade show registrations, even though the $9,900 paid in advance for the Surf Expo was not refundable; (e) submitted a change of address with the United States Postal Service for Business changing the Business's address; and (f) diverted containers from China containing the Business's products, which were paid for by the Business.

16.      Despite providing the Notice, Magun and his wife Lisa Magun continue to

represent to customers, vendors, and others that they are still associated and representatives of the Business.

17. In January of 2007, Magun successfully contracted with The Mobile Storage Group to remove two storage containers full of the Business's products which belonged to the Business from the Business's warehouse.

18. In late January of 2007 and early February of 2007, Magun again successfully diverted a shipping container containing the Business's products, which he subsequently sent to New Jersey.

19. It is believed that Magun, Atmosphere, and Dalong have willfully violated the Smiths' copyright for their own benefit and to the detriment of the Smiths and the Business.

20. The Smiths have retained the law firm of McClosky, D'Anna & Dieterle, LLP to represent them in this action and are required to pay them a reasonable fee for their services.

## COUNT I-BIG ISLAND PAINTED TIKI #5935
## COPYRIGHT INFRINGEMENT BY ERIC MAGUN, LISA MAGUN, DALONG ENTERPRISES, LLC, AND ATMOSPHERE INTERNATIONAL, INC.

21. The Smiths reallege and incorporate all of the foregoing allegations as if set forth herein verbatim.

22. The Defendants have infringed upon the Smiths' rights and interests in violation of the United States Copyright Act, 17 U.S.C. § 501 et seq.

23. Between April 2006 and May 2006, the Smiths complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration in April 2006, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VAu702-347, dated May 1, 2006. *See* Exhibit 2.

24.     Since May 2006, the above-mentioned Big Island Painted Tiki #5935 ("Island Tiki #5360") has been manufactured by the Smiths; further, all replications made by the Smiths or under their authority or license have been replicated in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

25.     Since May 1, 2006, the Smiths have been, and still are, the sole proprietors of all rights, titles and interests in and to the copyright in Island Tiki #5360.

26.     After January 4, 2007, Defendants infringed the above-mentioned copyright by replicating and placing on the market tikis, which replicate the Smiths' copyrighted Island Tiki #5360.

27.     The Smiths have notified Defendants that Defendants have infringed the copyright belonging to the Smiths, and Defendants have continued to infringe the copyright.

28.     After Defendants were notified that they were infringing the copyright of the Smiths, Defendants willfully and knowingly continued to infringe upon the copyright of the Smiths.

29.     The Smiths are entitled to recover their actual damages incurred as a result of the Defendants' infringing activities as well as any profits the Defendants received as a result of the infringement.

30.     In the alternative, the Smiths are entitled to recover statutory damages of up to one hundred fifty thousand dollars ($150,000.000) from each infringer for each act of infringement.

31.     Any continued unauthorized and infringing use by the Defendants of the copyrighted Island Tiki #5360 will, unless enjoined, cause irreparable harm, damage and injury to the Smiths in that the construction or advertising of any additional structures based upon the Smiths'

copyrighted Island Tiki #5360 will severely diminish the value of the original work, constitute unfair competition with the Smiths' exclusive rights to the use of the Island Tiki #5360 and dilute the market for the Island Tiki #5360.

WHEREFORE, Plaintiffs Trent Smith and Todd Smith request the following relief:

a. Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the Island Tiki #5360 and from reproducing or otherwise distributing or selling the Island Tiki #5360 in whole or in part;

b. Defendants be required to pay the Smiths such damages as the Smiths have sustained in consequence of Defendants's infringement of the Smiths' copyright and to account for all gains, profits and advantages derived by the Defendants through their infringement of the Smiths' copyright;

c. Defendants, in the alternative, be required to pay statutory damages for infringement of the Smiths' work;

d. Defendants be required to pay to the Smiths reasonable attorney's fees and costs incurred in this action; and

e. such other and further relief that this Court deems proper.

### COUNT II-PINEAPPLE TIKI (SMALL) #269
### COPYRIGHT INFRINGEMENT BY ERIC MAGUN, LISA MAGUN, DALONG
### ENTERPRISES, LLC, AND ATMOSPHERE INTERNATIONAL, INC.

32. The Smiths reallege and incorporate all of the foregoing allegations as if set forth herein verbatim.

33.     The Defendants have infringed upon the Smiths' rights and interests in violation of the United States Copyright Act, 17 U.S.C. § 501 et seq.

34.     Between April 2006 and May 2006, the Smiths complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration in April 2006, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VAu702-348, dated May 1, 2006. *See* Exhibit 2.

35.     Since May 2006, the above-mentioned Pineapple Tiki #269 ("Island Tiki #5364") has been manufactured by the Smiths; further, all replications made by the Smiths or under their authority or license have been replicated in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

36.     Since May 1, 2006, the Smiths have been, and still are, the sole proprietors of all rights, titles and interests in and to the copyright in Island Tiki #5364.

37.     After January 4, 2007, Defendants infringed the above-mentioned copyright by replicating and placing on the market tikis, which replicate the Smiths' copyrighted Island Tiki #5360.

38.     The Smiths have notified Defendants that Defendants have infringed the copyright belonging to the Smiths, and Defendants have continued to infringe the copyright.

39.     After Defendants were notified that they were infringing the copyright of the Smiths, Defendants willfully and knowingly continued to infringe upon the copyright of the Smiths.

40.     The Smiths are entitled to recover their actual damages incurred as a result of the Defendants' infringing activities as well as any profits the Defendants received as a result of the infringement.

41.     In the alternative, the Smiths are entitled to recover statutory damages of up to one hundred fifty thousand dollars ($150,000.000) from each infringer for each act of infringement.

42.     Any continued unauthorized and infringing use by the Defendants of the copyrighted Island Tiki #5364 will, unless enjoined, cause irreparable harm, damage and injury to the Smiths in that the construction or advertising of any additional structures based upon the Smiths' copyrighted Island Tiki #5364 will severely diminish the value of the original work, constitute unfair competition with the Smiths' exclusive rights to the use of the Island Tiki #5364 and dilute the market for the Island Tiki #5364.

WHEREFORE, Plaintiffs Trent Smith and Todd Smith request the following relief:

a.     Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the Island Tiki #5364 and from reproducing or otherwise distributing or selling the Island Tiki #5364 in whole or in part;

b.     Defendants be required to pay the Smiths such damages as the Smiths have sustained in consequence of Defendants's infringement of the Smiths' copyright and to account for all gains, profits and advantages derived by the Defendants through their infringement of the Smiths' copyright;

c.     Defendants, in the alternative, be required to pay statutory damages for infringement of the Smiths' work;

d.     Defendants be required to pay to the Smiths reasonable attorney's fees and

-8-

costs incurred in this action; and

  e.  such other and further relief that this Court deems proper.

## COUNT III-BIG ISLAND SUN TIKI #5937
## COPYRIGHT INFRINGEMENT BY ERIC MAGUN, LISA MAGUN, DALONG
## ENTERPRISES, LLC, AND ATMOSPHERE INTERNATIONAL, INC.

  43.  The Smiths reallege and incorporate all of the foregoing allegations as if set forth herein verbatim.

  44.  The Defendants have infringed upon the Smiths' rights and interests in violation of the United States Copyright Act, 17 U.S.C. § 501 et seq.

  45.  Between April 2006 and May 2006, the Smiths complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration in April 2006, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VAu702-349, dated May 1, 2006. *See* Exhibit 2.

  46.  Since May 2006, the above-mentioned Big Island Sun Tiki #5937 ("Island Tiki #5362") has been manufactured by the Smiths; further, all replications made by the Smiths or under their authority or license have been replicated in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

  47.  Since May 1, 2006, the Smiths have been, and still are, the sole proprietors of all rights, titles and interests in and to the copyright in Island Tiki #5362.

  48.  After January 4, 2007, Defendants infringed the above-mentioned copyright by replicating and placing on the market tikis, which replicate the Smiths' copyrighted Island Tiki #5362.

  49.  The Smiths have notified Defendants that Defendants have infringed the

copyright belonging to the Smiths, and Defendants have continued to infringe the copyright.

50.     After Defendants were notified that they were infringing the copyright of the Smiths, Defendants willfully and knowingly continued to infringe upon the copyright of the Smiths.

51.     The Smiths are entitled to recover their actual damages incurred as a result of the Defendants' infringing activities as well as any profits the Defendants received as a result of the infringement.

52.     In the alternative, the Smiths are entitled to recover statutory damages of up to one hundred fifty thousand dollars ($150,000.000) from each infringer for each act of infringement.

53.     Any continued unauthorized and infringing use by the Defendants of the copyrighted Island Tiki #5362 will, unless enjoined, cause irreparable harm, damage and injury to the Smiths in that the construction or advertising of any additional structures based upon the Smiths' copyrighted Island Tiki #5362 will severely diminish the value of the original work, constitute unfair competition with the Smiths' exclusive rights to the use of the Island Tiki #5362 and dilute the market for the Island Tiki #5362.

WHEREFORE, Plaintiffs Trent Smith and Todd Smith request the following relief:

a.     Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the Island Tiki #5362 and from reproducing or otherwise distributing or selling the Island Tiki #5362 in whole or in part;

b.     Defendants be required to pay the Smiths such damages as the Smiths have

-10-

sustained in consequence of Defendants's infringement of the Smiths' copyright and to account for all gains, profits and advantages derived by the Defendants through their infringement of the Smiths' copyright;

      c.    Defendants, in the alternative, be required to pay statutory damages for infringement of the Smiths' work;

      d.    Defendants be required to pay to the Smiths reasonable attorney's fees and costs incurred in this action; and

      e.    such other and further relief that this Court deems proper.

## COUNT IV-BIG ISLAND FLOWER TIKI (LARGE) #5934
## COPYRIGHT INFRINGEMENT BY ERIC MAGUN, LISA MAGUN, DALONG
## ENTERPRISES, LLC, AND ATMOSPHERE INTERNATIONAL, INC.

54.    The Smiths reallege and incorporate all of the foregoing allegations as if set forth herein verbatim.

55.    The Defendants have infringed upon the Smiths' rights and interests in violation of the United States Copyright Act, 17 U.S.C. § 501 et seq.

56.    Between April 2006 and May 2006, the Smiths complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration in April 2006, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VAu702-350, dated May 1, 2006. *See* Exhibit 2.

57.    Since May 2006, the above-mentioned Big Island Flower Tiki #5934 ("Island Tiki #5359") has been manufactured by the Smiths; further, all replications made by the Smiths or under their authority or license have been replicated in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

58.     Since May 1, 2006, the Smiths have been, and still are, the sole proprietors of all rights, titles and interests in and to the copyright in Island Tiki #5359.

59.     After January 4, 2007, Defendants infringed the above-mentioned copyright by replicating and placing on the market tikis, which replicate the Smiths' copyrighted Island Tiki #5359.

60.     The Smiths have notified Defendants that Defendants have infringed the copyright belonging to the Smiths, and Defendants have continued to infringe the copyright.

61.     After Defendants were notified that they were infringing the copyright of the Smiths, Defendants willfully and knowingly continued to infringe upon the copyright of the Smiths.

62.     The Smiths are entitled to recover their actual damages incurred as a result of the Defendants' infringing activities as well as any profits the Defendants received as a result of the infringement.

63.     In the alternative, the Smiths are entitled to recover statutory damages of up to one hundred fifty thousand dollars ($150,000.000) from each infringer for each act of infringement.

64.     Any continued unauthorized and infringing use by the Defendants of the copyrighted Island Tiki #5359 will, unless enjoined, cause irreparable harm, damage and injury to the Smiths in that the construction or advertising of any additional structures based upon the Smiths' copyrighted Island Tiki #5359 will severely diminish the value of the original work, constitute unfair competition with the Smiths' exclusive rights to the use of the Island Tiki #5359 and dilute the market for the Island Tiki #5359.

WHEREFORE, Plaintiffs Trent Smith and Todd Smith request the following relief:

a.     Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the Island Tiki #5359 and from reproducing or otherwise distributing or selling the Island Tiki #5359 in whole or in part;

b.     Defendants be required to pay the Smiths such damages as the Smiths have sustained in consequence of Defendants's infringement of the Smiths' copyright and to account for all gains, profits and advantages derived by the Defendants through their infringement of the Smiths' copyright;

c.     Defendants, in the alternative, be required to pay statutory damages for infringement of the Smiths' work;

d.     Defendants be required to pay to the Smiths reasonable attorney's fees and costs incurred in this action; and

e.     such other and further relief that this Court deems proper.

### COUNT V-BIG ISLAND FLOWER TIKI (SMALL) #0668 COPYRIGHT INFRINGEMENT BY ERIC MAGUN, LISA MAGUN, DALONG ENTERPRISES, LLC, AND ATMOSPHERE INTERNATIONAL, INC.

65.     The Smiths reallege and incorporate all of the foregoing allegations as if set forth herein verbatim.

66.     The Defendants have infringed upon the Smiths' rights and interests in violation of the United States Copyright Act, 17 U.S.C. § 501 et seq.

67.     Between April 2006 and May 2006, the Smiths complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for

-13-

copyright registration in April 2006, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VAu702-351, dated May 1, 2006. *See* Exhibit 2.

68.     Since May 2006, the above-mentioned Big Island Flower Tiki #0668 ("Island Tiki #5363") has been manufactured by the Smiths; further, all replications made by the Smiths or under their authority or license have been replicated in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

69.     Since May 1, 2006, the Smiths have been, and still are, the sole proprietors of all rights, titles and interests in and to the copyright in Island Tiki #5363.

70.     After January 4, 2007, Defendants infringed the above-mentioned copyright by replicating and placing on the market tikis, which replicate the Smiths' copyrighted Island Tiki #5363.

71.     The Smiths have notified Defendants that Defendants have infringed the copyright belonging to the Smiths, and Defendants have continued to infringe the copyright.

72.     After Defendants were notified that they were infringing the copyright of the Smiths, Defendants willfully and knowingly continued to infringe upon the copyright of the Smiths.

73.     The Smiths are entitled to recover their actual damages incurred as a result of the Defendants' infringing activities as well as any profits the Defendants received as a result of the infringement.

74.     In the alternative, the Smiths are entitled to recover statutory damages of up to one hundred fifty thousand dollars ($150,000.000) from each infringer for each act of infringement.

75.     Any continued unauthorized and infringing use by the Defendants of the

-14-

copyrighted Island Tiki #5363 will, unless enjoined, cause irreparable harm, damage and injury to the Smiths in that the construction or advertising of any additional structures based upon the Smiths' copyrighted Island Tiki #5363 will severely diminish the value of the original work, constitute unfair competition with the Smiths' exclusive rights to the use of the Island Tiki #5363 and dilute the market for the Island Tiki #5363.

WHEREFORE, Plaintiffs Trent Smith and Todd Smith request the following relief:

a.      Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the Island Tiki #5363 and from reproducing or otherwise distributing or selling the Island Tiki #5363 in whole or in part;

b.      Defendants be required to pay the Smiths such damages as the Smiths have sustained in consequence of Defendants's infringement of the Smiths' copyright and to account for all gains, profits and advantages derived by the Defendants through their infringement of the Smiths' copyright;

c.      Defendants, in the alternative, be required to pay statutory damages for infringement of the Smiths' work;

d.      Defendants be required to pay to the Smiths reasonable attorney's fees and costs incurred in this action; and

e.      such other and further relief that this Court deems proper.


## COUNT VI-BIG ISLAND TRIBAL TIKI #0687

-15-

## COPYRIGHT INFRINGEMENT BY ERIC MAGUN, LISA MAGUN, DALONG ENTERPRISES, LLC, AND ATMOSPHERE INTERNATIONAL, INC.

76.     The Smiths reallege and incorporate all of the foregoing allegations as if set forth herein verbatim.

77.     The Defendants have infringed upon the Smiths' rights and interests in violation of the United States Copyright Act, 17 U.S.C. § 501 et seq.

78.     Between April 2006 and May 2006, the Smiths complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration in April 2006, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VAu702-352, dated May 1, 2006. *See* Exhibit 2.

79.     Since May 2006, the above-mentioned Big Island Tribal Tiki #0687 ("Island Tiki #5365") has been manufactured by the Smiths; further, all replications made by the Smiths or under their authority or license have been replicated in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

80.     Since May 1, 2006, the Smiths have been, and still are, the sole proprietors of all rights, titles and interests in and to the copyright in Island Tiki #5365.

81.     After January 4, 2007, Defendants infringed the above-mentioned copyright by replicating and placing on the market tikis, which replicate the Smiths' copyrighted Island Tiki #5365.

82.     The Smiths have notified Defendants that Defendants have infringed the copyright belonging to the Smiths, and Defendants have continued to infringe the copyright.

83.     After Defendants were notified that they were infringing the copyright of the

Smiths, Defendants willfully and knowingly continued to infringe upon the copyright of the Smiths.

84.     The Smiths are entitled to recover their actual damages incurred as a result of the Defendants' infringing activities as well as any profits the Defendants received as a result of the infringement.

85.     In the alternative, the Smiths are entitled to recover statutory damages of up to one hundred fifty thousand dollars ($150,000.000) from each infringer for each act of infringement.

86.     Any continued unauthorized and infringing use by the Defendants of the copyrighted Island Tiki #5365 will, unless enjoined, cause irreparable harm, damage and injury to the Smiths in that the construction or advertising of any additional structures based upon the Smiths' copyrighted Island Tiki #5365 will severely diminish the value of the original work, constitute unfair competition with the Smiths' exclusive rights to the use of the Island Tiki #5360 and dilute the market for the Island Tiki #5365.

WHEREFORE, Plaintiffs Trent Smith and Todd Smith request the following relief:

a.     Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from advertising or constructing any structure based upon the Island Tiki #5365 and from reproducing or otherwise distributing or selling the Island Tiki #5365 in whole or in part;

b.     Defendants be required to pay the Smiths such damages as the Smiths have sustained in consequence of Defendants's infringement of the Smiths' copyright and to account for all gains, profits and advantages derived by the Defendants through their infringement of the Smiths'

copyright;

      c.      Defendants, in the alternative, be required to pay statutory damages for infringement of the Smiths' work;

      d.      Defendants be required to pay to the Smiths reasonable attorney's fees and costs incurred in this action; and

      e.      such other and further relief that this Court deems proper.

## COUNT VII–PINEAPPLE TIKI (LARGE) #5936
## COPYRIGHT INFRINGEMENT BY ERIC MAGUN, LISA MAGUN, DALONG ENTERPRISES, LLC, AND ATMOSPHERE INTERNATIONAL, INC.

87.      The Smiths reallege and incorporate all of the foregoing allegations as if set forth herein verbatim.

88.      The Defendants have infringed upon the Smiths' rights and interests in violation of the United States Copyright Act, 17 U.S.C. § 501 et seq.

89.      Between April 2006 and May 2006, the Smiths complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration in April 2006, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. VAu702-353, dated May 1, 2006. *See* Exhibit 2.

90.      Since May 2006, the above-mentioned Pineapple Tiki #5936 ("Island Tiki #5361") has been manufactured by the Smiths; further, all replications made by the Smiths or under their authority or license have been replicated in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.

91.      Since May 1, 2006, the Smiths have been, and still are, the sole proprietors of all rights, titles and interests in and to the copyright in Island Tiki #5361.

92.     After January 4, 2007, Defendants infringed the above-mentioned copyright by replicating and placing on the market tikis, which replicate the Smiths' copyrighted Island Tiki #5361.

93.     The Smiths have notified Defendants that Defendants have infringed the copyright belonging to the Smiths, and Defendants have continued to infringe the copyright.

94.     After Defendants were notified that they were infringing the copyright of the Smiths, Defendants willfully and knowingly continued to infringe upon the copyright of the Smiths.

95.     The Smiths are entitled to recover their actual damages incurred as a result of the Defendants' infringing activities as well as any profits the Defendants received as a result of the infringement.

96.     In the alternative, the Smiths are entitled to recover statutory damages of up to one hundred fifty thousand dollars ($150,000.000) from each infringer for each act of infringement.

97.     Any continued unauthorized and infringing use by the Defendants of the copyrighted Island Tiki #5361 will, unless enjoined, cause irreparable harm, damage and injury to the Smiths in that the construction or advertising of any additional structures based upon the Smiths' copyrighted Island Tiki #5361 will severely diminish the value of the original work, constitute unfair competition with the Smiths' exclusive rights to the use of the Island Tiki #5361 and dilute the market for the Island Tiki #5361.

WHEREFORE, Plaintiffs Trent Smith and Todd Smith requests the following relief:

a.     Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from

infringing the aforementioned copyright, from advertising or constructing any structure based upon the Island Tiki #5361 and from reproducing or otherwise distributing or selling the Island Tiki #5361 in whole or in part;

     b.    Defendants be required to pay the Smiths such damages as the Smiths have sustained in consequence of Defendants's infringement of the Smiths' copyright and to account for all gains, profits and advantages derived by the Defendants through their infringement of the Smiths' copyright;

     c.    Defendants, in the alternative, be required to pay statutory damages for infringement of the Smiths' work;

     d.    Defendants be required to pay to the Smiths reasonable attorney's fees and costs incurred in this action; and

     e.    such other and further relief that this Court deems proper.

Dated: April 26, 2007.

Gregg W. McClosky, Esquire
Gwm@mdd-law.com
Florida Bar No.: 343 927
Jennifer J. Kramer, Esquire
Jjk@mdd-law.com
Florida Bar No.: 736 775

McClosky, D'Anna & Dieterle, LLP
2300 Glades Road,
Suite 400 ~ East Tower
Boca Raton, Florida 33431
Telephone: (561) 368-9200
Facsimile: (561) 395-7050

H:\LIBRARY\07007001\Pleading\FederalComplaint.wpd

**FOR: ISLAND TIKI**

**PRODUCT DESIGN CONSULTING & SALES CONTRACT**

THIS AGREEMENT is made and entered into as of this 5th day of December,
2005, by and between Trent & Todd Smiah, whose principal place of
business is at Indialantic (hereinafter referred to as the "Client") and
Atmosphere International, Inc., a Florida corporation with its principal place of business at 904
NW 1st Avenue, Delray Beach, Florida 33444 (hereinafter referred to as the "Consultant").

    1.    **SERVICES.** Consultant hereby agrees to provide product design consulting
services to Client under the terms and conditions of this Agreement. Consultant will work with
Client to design unique home decor products to be manufactured exclusively for Client's use and
sale. Client is under no obligation to purchase the products designed by Consultant, but
regardless of whether any products are purchased hereunder, Client is and remains responsible to
abide by the terms and conditions of this Agreement, specifically those relating to the ownership
and use of the product designs.

    2.    **COMPENSATION.**

        a.    Client hereby agrees to pay Consultant a monthly consulting and design
fee in the amount of $750.00 (hereinafter the "Consulting Fee"). The first Consulting Fee shall
be due and payable immediately upon the execution of this Agreement and continuing on the
same day for each subsequent month thereafter until the Minimum Order is placed, as explained
in Subparagraph 2.b., below. This Consulting Fee represents compensation to Consultant for its
time, travel, work and expenses incurred in designing the unique products under this Agreement.

        b.    The Consulting Fee shall be paid each month until the Minimum Order is
placed by Client. The Minimum Order is a single shipment of products filling a container of at
lease twenty (20) feet in size. Consultant estimates that the approximate monetary value of such

**EXHIBIT** /

a shipment would cost $15,000.00, but Client understands that this monetary value is only an estimate. Client understands and agrees that this Minimum Order must be one order placed at the same time that can be shipped in one container, and orders cannot be combined or value accumulated over time to reach the estimated minimum value.

3.     **TERM.** The term of this Agreement shall be for a period of one (1) year and will be renewed automatically for successive one (1) year periods unless written notice is given to the other party no later than thirty (30) days before the natural expiration of the current term. Either party may terminate this Agreement at any time, for good cause, by providing the other party with thirty (30) days written notice. Any terms of this Agreement that, by their nature must survive after the termination of this Agreement to give their intended effect, shall be deemed to survive termination of this Agreement.

4.     **PRODUCT PURCHASES.** Client understands and agrees that all products designed under the terms of this Agreement must be ordered and purchased through Consultant and Client cannot contract with another manufacturer to produce the lighting fixtures or home décor products from Consultant's designs, nor can Client contract or order the products directly from the factory used by Consultant to manufacture the products. Consultant and Client shall separately agree upon the price of all future products or shipments at the time the purchases are made. Immediately upon the placement of a product order, Client shall pay to Consultant a twenty-five percent (25%) deposit, with the balance to be paid in full upon the shipment of the completed goods.

5.     **EXCLUSIVE DESIGNS.**

        a.     Client understands and agrees that, except as provided for herein, the unique designs created by Consultant under this Agreement are the sole and exclusive designs of

Consultant and will remain, at all times, property of Consultant. Client shall not copy, use or sell those designs to anyone else except with the express written consent of Consultant. Client is precluded from manufacturing or contracting for the manufacture of these designs, by any means. Client shall purchase all products designed by Consultant under this Agreement directly from Consultant. Upon the termination of this Agreement, Client agrees to immediately return all designs to Consultant.

　　　　b.　　Subparagraph 5.a., above, does not apply to any partial designs or work product created by Client, except to the extent Consultant modifies or extends those designs into new or different areas. For example, where Consultant may use a fabric designed by Client, but extend its use to a new product line or home décor feature, Consultant owns only so much of the design that is uniquely created by Consultant. The original fabric design will continue to be the product of the Client.

　　　　c.　　In exchange for this exclusive right, Consultant hereby agrees that any designs created under this Agreement shall be used solely and exclusively for the production of products to be sold to Client and will not, during the life of this Agreement and for a period of one (1) year after its termination, market or use these designs for any other customer or client of Consultant.

　　　6.　　**NOTICES.** All notices to be given under this Agreement shall be in writing and sent by hand-delivery with proof of delivery, overnight courier, or registered or certified mail, return receipt requested, to the persons set forth below at the stated addresses or at such other address as either party shall designate in a notice to the other.

　　　　　　　To Client:　　　　TRENT SMITH
　　　　　　　　　　　　　　360 AVENIDA DEL MAR
　　　　　　　　　　　　　　INDIALANTIC, FL
　　　　　　　　　　　　　　32903

To Consultant:  Eric Magun
Atmosphere International, Inc.
904 NW 1ˢᵗ Ave.
Delray Beach, FL 33444

7.  **REMEDIES.** Consultant and Client hereby acknowledge the following: a) the services to be rendered by Consultant under this Agreement are special and unique; b) the breach by Client of the provisions within Paragraph 5 of this Agreement will cause irreparable harm to Consultant; and c) monetary damages do not provide Consultant with an adequate remedy at law in the event of such breach. Accordingly, Client hereby agrees that, in addition to any other remedies available, Consultant may obtain injunctive relief against the breach or threatened breach of Paragraph 5 of this Agreement. Nothing herein shall be construed from prohibiting Consultant from pursuing all other remedies available for breach of the provisions of this Agreement. Client hereby acknowledges that the provisions of Paragraph 5 of this Agreement are necessary for protection of Consultant's legitimate business and professional interests, and are reasonable in scope and content.

8.  **CONFIDENTIAL RELATIONSHIP.**

a.  During the term of this Agreement, the parties may, from time to time, communicate information to the other, its employees or agents, or the parties may learn or acquire certain information from the other in order to enable the other to effectively perform its obligations under this Agreement. The parties and their employees and agents shall treat all such information as confidential, whether or not so labeled or identified, and shall not disclose any part thereof without the prior written consent of the other party. The parties shall limit the use and circulation of such information, even within their own organization, to only that extent necessary to perform their obligations under this Agreement.

b.      The obligations set forth in this Paragraph shall not apply to any information which (i) has been disclosed in publicly available sources of information; (ii) is, through no fault of the party or its employees or agents, hereafter disclosed in publicly available sources of information; (iii_ is now in the possession of the other party or its employees without any obligation of confidentiality; or (iv) has been or is hereafter rightfully disclosed to the other party or its employees by a third party, but only to the extent that the use or disclosure thereof has been or is rightfully authorized by that third party.

c.      Upon termination of this Agreement, each party shall return to the other party, or destroy, any and all confidential documents, materials, work product, and all copies made thereof, which were obtained by the other party, or that were developed, in conjunction with the performance of their obligations under this Agreement.

d.      It is expressly understood that Client and Consultant are independent contractors for the other. This Agreement does not create a partnership, employment or agency relationship between Client and Consultant, and no act or obligation of either party shall in any way bind the other except as expressly set forth herein.

9.    **ASSIGNMENT.** This Agreement is not assignable, in whole or in part, without the express written consent of the parties.

10.    **ENTIRE AGREEMENT.** The parties acknowledge and represent that this Agreement contains the entire understanding between the parties and that there are no other agreements between them as to the matters and relationships described herein.

11.    **GOVERNING LAW AND VENUE.** The parties agree that this Agreement shall be deemed made and entered into in the State of Florida and shall be governed and construed in accordance with the laws of the State of Florida. The parties further agree that for any disputes

arising out of or relating to this Agreement shall be resolved exclusively in the courts of the State of Florida, and the exclusive venue shall be Palm Beach County, Florida. Each party hereby consents to personal jurisdiction within the State of Florida.

12.    **AMENDMENT AND MODIFICATION.** This Agreement may be amended or modified only by written agreement of the parties. Notwithstanding the above, in the event of decrease in profitability under contracts secured by Consultant, for any reason, compensation payable to Consultant shall be immediately reduced in direct proportion to the decrease in profitability of the contracts.

13.    **ATTORNEY FEES.** In the event of any legal action to enforce the terms and conditions of this Agreement, the prevailing party shall be entitled to recover all costs of such actions, including attorney fees and paralegal fees and all other legal expenses and costs at all pre-suit, trial and appellate levels.

The parties acknowledge that they have read all of the terms of this Agreement and agree to abide by its terms and conditions.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

CLIENT:

By: _Trent Smith / T Smith_

Name: _Island Tiki_

Title: _Co-Owner_

CONSULTANT:

By: _C. Mg_

Eric Magun
President

Additional Certificate (17 U.S.C. 706)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

VAu 702-352

EFFECTIVE DATE OF REGISTRATION

**MAY 0 1 2006**

Month    Day    Year

(Explanatory text added

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**1**

Title of This Work ▼    (Explanatory text added)    **NATURE OF THIS WORK ▼** See instructions

Big Island Tribal Tiki **# 0687** Island Tiki #5365)      Sculpture

Previous or Alternative Titles ▼
N/A

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give | Volume ▼ | Number ▼ | Issue Date ▼ | On Pages ▼

---

**2**

**NATURE OF AUTHOR ▼**

Trent Andrew Smith

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
1968

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of **United States**
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) **See instructions**
☑ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

Name of Author ▼

Todd Allan Smith

Dates of Birth and Death
Year Born ▼    Year Died ▼
1966

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of **United States**
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) **See instructions**
☑ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**3**

Year in Which Creation of This Work Was Completed
**2005**   Year in all cases.

This information must be given

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month _____ Day _____ Year _____   Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Trent Andrew Smith
Todd Allan Smith

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

N/A

APPLICATION RECEIVED
MAY 0 1 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 0 1 2006
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions   • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of **2** pages

**EXHIBIT**   **2**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

REGISTR  **VAu 702-351**



EFFECTIVE DATE OF REGISTRATION

**MAY 0 1 2006**

Month　　Day　　Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**Title of This Work ▼**

Big Island Flower Tiki (small) #6668 (Explanatory text added and Tiki #5363)

**NATURE OF THIS WORK ▼** See instructions

Sculpture

**Previous or Alternative Titles ▼**

N/A

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared Title of Collective Work ▼

N/A

If published in a periodical or serial give  **Volume ▼**　**Number ▼**　**Issue Date ▼**　**On Pages ▼**

---

## 2

**NAME OF AUTHOR ▼**

Trent Andrew Smith

**DATES OF BIRTH AND DEATH**
Year Born ▼　Year Died ▼
1968

**Was this contribution to the work a "work made for hire"?**
[ ] Yes
[✓] No

**Author's Nationality or Domicile** Name of Country
OR { Citizen of  United States
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous? [ ] Yes [✓] No
Pseudonymous? [ ] Yes [✓] No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es) **See instructions**
[✓] 3-Dimensional sculpture [ ] Map [ ] Technical drawing
[ ] 2-Dimensional artwork [ ] Photograph [ ] Text
[ ] Reproduction of work of art [ ] Jewelry design [ ] Architectural work

**Name of Author ▼**

Todd Allan Smith

**Dates of Birth and Death**
Year Born ▼　Year Died ▼
1966

**Was this contribution to the work a "work made for hire"?**
[ ] Yes
[✓] No

**Author's Nationality or Domicile** Name of Country
OR { Citizen of  United States
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous? [ ] Yes [✓] No
Pseudonymous? [ ] Yes [✓] No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
[✓] 3-Dimensional sculpture [ ] Map [ ] Technical drawing
[ ] 2-Dimensional artwork [ ] Photograph [ ] Text
[ ] Reproduction of work of art [ ] Jewelry design [ ] Architectural work

---

## 3

**Year in Which Creation of This Work Was Completed**
2005
This information must be given Year in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information Month _____ Day _____ Year _____
ONLY if this work has been published.
Nation

---

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Trent Andrew Smith
Todd Allan Smith

See instructions before completing this space

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

N/A

APPLICATION RECEIVED
MAY 0 1 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 0 1 2006
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of 2 pages

ASSIGNMENT CERTIFICATE (17 U.S.A. 705)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

RE **VAu 702-350**

EF

**MAY 0 1 2006**

Month     Day     Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼    (Explanatory text added) NATURE OF THIS WORK ▼ See instructions

Big Island Flower Tiki (large) #5934 Island Tiki #5359)

Sculpture

Previous or Alternative Titles ▼
N/A

Publication as a Contribution If this work was published in a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared Title of Collective Work ▼

N/A

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

NAME OF AUTHOR ▼
Trent Andrew Smith

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼
1968

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   United States
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☑ No
Pseudonymous?   ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) See instructions
☑ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

Name of Author ▼
Todd Allan Smith

Dates of Birth and Death
Year Born ▼    Year Died ▼
1966

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   United States
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☑ No
Pseudonymous?   ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) See instructions
☑ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**

Year in Which Creation of This Work Was Completed   2005   This information must be given in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.   Month ____ Day ____ Year ____   Nation ____

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Trent Andrew Smith
Todd Allan Smith

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

N/A

APPLICATION RECEIVED
MAY 0 1 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 0 1 2006
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions   • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ____ pages

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VAu 702-348**

EFFECTIVE DATE OF REGISTRATION

**MAY 0 1 2006**

Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**Title of This Work ▼**
Pineapple Tiki (small) #269

(Explanatory text added Island Tiki #5364)

**NATURE OF THIS WORK ▼** See Instructions
Sculpture

**Previous or Alternative Titles ▼**
N/A

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared  Title of Collective Work ▼
N/A

If published in a periodical or serial give  Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

## 2

**NAME OF AUTHOR ▼**
Trent Andrew Smith

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼
1968

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of  United States
Domiciled in

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☑ 3-Dimensional sculpture      ☐ Map                    ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph             ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design         ☐ Architectural work

**Name of Author ▼**
Todd Allan Smith

**Dates of Birth and Death**
Year Born ▼          Year Died ▼
1966

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of  United States
Domiciled in

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☑ 3-Dimensional sculpture      ☐ Map                    ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph             ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design         ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions) For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

## 3

**a** Year in Which Creation of This Work Was Completed
2005
Year
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month          Day          Year
Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Trent Andrew Smith
Todd Allan Smith

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
N/A

See instructions before completing this space

APPLICATION RECEIVED
MAY 0 1 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 0 1 2006
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions      • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of **2** pages

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

VAu 702-347



EFFECTIVE DATE OF REGISTRATION

MAY 0 1 2006

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼
Big Island Painted Tiki # 5935 (Explanatory text added Island Tiki #5360)

NATURE OF THIS WORK ▼ See instructions
Sculpture

Previous or Alternative Titles ▼
N/A

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼
Trent Andrew Smith

DATES OF BIRTH AND DEATH
Year Born ▼ 1968    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of United States
Domiciled in

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) See instructions
☑ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

Name of Author ▼
Todd Allan Smith

Dates of Birth and Death
Year Born ▼ 1966    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of United States
Domiciled in

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es) See instructions
☑ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed
2005
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month _____ Day _____ Year _____
Nation

---

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Trent Andrew Smith
Todd Allan Smith

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
N/A

APPLICATION RECEIVED
MAY 0 1 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 0 1 2006
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions    • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

**VAu 702-353**

EFFECTIVE DATE OF REGISTRATION

**MAY 0 1 2006**

Month　Day　Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work ▼**
Pineapple Tiki (large) #5936
(Explanatory text added Island Tiki #5361)

**NATURE OF THIS WORK ▼** See instructions
Sculpture

**Previous or Alternative Titles ▼**
N/A

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared **Title of Collective Work ▼**
N/A

If published in a periodical or serial give **Volume ▼**　**Number ▼**　**Issue Date ▼**　**On Pages ▼**

---

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank

**NAME OF AUTHOR ▼**
Trent Andrew Smith

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1968　Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of United States
{ Domiciled in

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☑ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**Name of Author ▼**
Todd Allan Smith

**Dates of Birth and Death**
Year Born ▼ 1966　Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of United States
{ Domiciled in

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☑ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**Year in Which Creation of This Work Was Completed**
2005
This information must be given Year in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month _____ Day _____ Year _____　Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Trent Andrew Smith
Todd Allan Smith

See instructions before completing this space

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
N/A

**APPLICATION RECEIVED**
MAY 0 1 2006
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
MAY 0 1 2006
**FUNDS RECEIVED**

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions　• Sign the form at line 8

**DO NOT WRITE HERE**
Page 1 of _____ pages

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

**VAu 702-349**

EFFECTIVE DATE OF REGISTRATION

**MAY 01 2006**

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**Title of This Work ▼**
Big Island Sun Tiki #5937

(Explanatory text added Island Tiki #5362)

**NATURE OF THIS WORK ▼** See instructions
Sculpture

**Previous or Alternative Titles ▼**
N/A

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**
Trent Andrew Smith

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1968    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of **United States**
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate boxes(s) **See instructions**
☑ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**Name of Author ▼**
Todd Allan Smith

**Dates of Birth and Death**
Year Born ▼ 1966    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of **United States**
Domiciled in _____

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☑ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**
2005   Year   This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month _____ Day _____ Year _____   Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Trent Andrew Smith
Todd Allan Smith

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
N/A

APPLICATION RECEIVED
**MAY 01 2006**
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
**MAY 01 2006**
FUNDS RECEIVED

*DO NOT WRITE HERE OFFICE USE ONLY*

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of **2** pages

# Electronic Articles of Organization
## For
# Florida Limited Liability Company

L06000054807
FILED 8:00 AM
May 26, 2006
Sec. Of State
jbryan

## Article I

The name of the Limited Liability Company is:

GOT TIKI? LLC

## Article II

The street address of the principal office of the Limited Liability Company is:

904 NW 1ST AVE
DELRAY BEACH, FL. US 33444

The mailing address of the Limited Liability Company is:

904 NW 1ST AVE
DELRAY BEACH, FL. US 33444

## Article III

The purpose for which this Limited Liability Company is organized is:

CREATE AND SELL UNIQUE HOME DECOR PRODUCTS.

## Article IV

The name and Florida street address of the registered agent is:

ERIC MAGUN
904 NW 1ST AVE
DELRAY BEACH, FL. 33444

Having been named as registered agent and to accept service of process
for the above stated limited liability company at the place designated
in this certificate, I hereby accept the appointment as registered agent
and agree to act in this capacity. I further agree to comply with the
provisions of all statutes relating to the proper and complete performance
of my duties, and I am familiar with and accept the obligations of my
position as registered agent.

Registered Agent Signature: ERIC MAGUN

**EXHIBIT 3**

## Article V

The name and address of managing members/managers are:

L06000054807
FILED 8:00 AM
May 26, 2006
Sec. Of State
jbryan

Title: MGRM
ERIC MAGUN
904 NW 1ST AVE
DELRAY BEACH, FL. 33444 US

Title: MGRM
TRENT SMITH
360 AVENIDA DEL MAR
INDIALANTIC, FL. 32903 US

Title: MGRM
TODD SMITH
5025 PALM DRIVE
MELBOURNE BEACH, FL. 32951 US

## Article VI

The effective date for this Limited Liability Company shall be:

05/26/2006

Signature of member or an authorized representative of a member

Signature: ERIC MAGUN

## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

### DOCUMENT# G06150900261

**Fictitious Name to be Registered:** ISLAND TIKI

**Mailing Address of Business:**    904 NW 1ST AVE
DELRAY BEACH, FL 33444

**Florida County of principal place of business:** MULTIPLE

**FEI Number:** 20-4948285

**FILED**
**May 30, 2006**
**Secretary of State**

**Owner(s) of Fictitious Name:**

GOT TIKI? LLC
904 NW 1ST AVE
DELRAY BEACH, FL 33444    US
Florida Registration Number: L06000054807
FEI Number: 20-4948285

I (we) the undersigned, being the sole (all the) party(ies) owning interest in the above fictitious name, certify that the information indicated on this form is true and accurate. I (we) understand that the electronic signature(s) below shall have the same legal effect as if made under oath.

| ERIC MAGUN | 05/30/2006 |
|---|---|
| Electronic Signature(s) | Date |

**Certificate of Status Requested (X)**     **Certified Copy Requested ( )**

**EXHIBIT** 4

904 NW 1ˢᵗ Avenue
Delray Beach, FL 33444
561-278-0900
fax 561-278-0985

# Eric & Lisa Magun

| To: | Trent & Todd Smith | From: | Lisa & Eric Magun |
|---|---|---|---|
| Fax: | 321-768-6889 | Pages: | 1 |
| Phone: | 321-769-6889 | Date: | 1/3/2007 |
| Re: | Got Tiki? LLC  dba Island Tiki | CC: | |

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply     ☐ Please Recycle

Dear Trent & Todd,

It appears that we cannot agree on the operation of Got Tiki? dba Island Tiki.

We would like to separate in an amicable manner and demand that our loan of $56,818.24

be paid back within  5 business days. Please remit to our address above.

Sincerely,


Lisa & Eric Magun

Lisa Direct: 561-703-5050

Eric Direct: 561-809-4990

Home: 561-278-0900

Fax: 561-278-7005


EXHIBIT _5_

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

Trent Smith and Todd Smith

**CIV-MIDDLEBROOKS**

**DEFENDANTS**

Eric Magun, Lisa Magun, Dalong Enterprises, LLC, and Atmosphere International Inc.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**MAGISTRATE JUDGE JOHNSON**

County of Residence of First Listed Defendant    Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Gregg W. McClosky - McClosky, D'Anna & Dieterle, LLP
2300 Glades Road - Suite 400 East Tower
Boca Raton, Florida 33431          (561) 368-9200

**07-80367**

Attorneys (If Known)

Unknown

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

9:07CV 80367-Dmm Johnson

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☑ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO        b) Related Cases ☐ YES ☑ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

17 U.S.C. § 501 et. seq.

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23          DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE    4/26/07

FOR OFFICE USE ONLY

AMOUNT _____    RECEIPT # _____