UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 07-80367-CIV-MIDDLEBROOKS/JOHNSON

TRENT SMITH and TODD SMITH,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
ERIC MAGUN, LISA MAGUN,　　　　　　)
DALONG ENTERPRISES, LLC, a Florida　)
Limited Liability Company,　　　　　　)
ATMOSPHERE INTERNATIONAL, INC.,　)
a Florida Corporation, and DENNIS　　　)
PFEFFERKORN,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)
_____/

## STIPULATED FINAL JUDGEMENT

Plaintiff Trent Smith, Plaintiff Todd Smith, ~~Defendant Atmosphere International, Inc. ("Atmosphere"), Defendant Dalong Enterprises, LLC ("Dalong")~~, and Defendant Dennis Pfefferkorn ("Pfefferkorn"), hereby stipulate and consent to the following:

### Procedural History

1. On April 26, 2007, Plaintiffs filed the instant action under the United States Copyright Act, 17 U.S.C. § 501, et seq., alleging Defendants Eric Magun, Lisa Magun, Dalong Enterprises, LLC ("Dalong"), and Atmosphere International, Inc. ("Atmosphere"), infringed upon various copyrights owned by the Plaintiffs. Docket Entry ("DE") 1.

2. On August 3, 2007, Plaintiffs filed their Amended Complaint; therein, Plaintiffs added Dennis Pfefferkorn ("Pfefferkorn") as a defendant. In the Amended Complaint,

Initials: _TS_ Trent Smith _TS_ Todd Smith ____ Dalong ____ Atmosphere _DP_ Dennis Pfefferkorn　　　Page 1 of 13

EXHIBIT ___A___

Plaintiffs alleged: nine counts for copyright infringement under the United States Copyright Act, 17 U.S.C. § 501, et seq., against all named Defendants; one count for tortious interference with business and contractual relationships against all named Defendants; one count for trade dress infringement by Pfefferkorn; and one count for civil conspiracy against Eric Magun, Lisa Magun, and Pfefferkorn. DE 21.

3. On November 15, 2007, a suggestion of bankruptcy was filed by Eric Magun and Lisa Magun. DE 59.

4. On November 26, 2007, this Court entered an Order staying the instant action as to Eric Magun and Lisa Magun. DE 64.

5. As the present case is stayed as to Eric Magun and Lisa Magun, the term "Defendants" as used herein refers collectively to Pfefferkorn, Atmosphere, and Dalong.

## Findings of Fact

6. Trial in this matter was set for January 7, 2008; however, the Plaintiffs and the Defendants stipulated to the following findings and terms set forth below in lieu of a Trial.

7. In July of 2005, the Smiths created the company known as Island Tiki, Inc. and began designing, carving, and selling tiki statutes, which are based on images of a humanoid form.

8. On December 5, 2005, Plaintiffs agreed to hire Eric Magun and Atmosphere as a consultant and broker for the Plaintiffs, and the parties executed the "Product Design Consulting & Sales Contract" ("Consulting Agreement").[1]

---

[1] A true and correct copy of the Consulting Agreement is attached to the Amended Complaint as "Exhibit 1."

Initials: ___ Trent Smith ___ Todd Smith ___ Dalong ___ Atmosphere ___ Dennis Pfefferkorn      Page 2 of 13

9. On May 26, 2006, Plaintiffs along with Eric Magun formed and filed the Articles of Organization for Got Tiki? LLC.[2]

10. On May 30, 2006, Got Tiki filed an application for registration of the fictitious name "Island Tiki."[3] Hereinafter, Island Tiki, Inc., Got Tiki?, LLC, and Got Tiki?, LLC d/b/a Island Tiki will individually and collectively be referred to as "Island Tiki."

11. On January 4, 2007, Plaintiffs received a notice from Eric Magun stating he was leaving Island Tiki ("Notice").[4]

12. On May 1, 2006, Plaintiffs submitted seven (7) copyright applications for various tikis ("Original Copyrights"). Plaintiffs are the sole designers and creators of these tikis. Therefore, all copyrights were registered solely in the Plaintiffs' names.[5]

13. On March 6, 2007, Plaintiffs submitted an additional three (3) copyright applications for various tikis ("Additional Copyrights").[6] Plaintiffs are the sole designers and creators of these tikis. Therefore, all copyrights were registered solely in the Plaintiffs' names.

14. At the time the Amended Complaint was filed, Plaintiffs had other applications pending with the United States Copyright Office for several other tiki and tiki related products ("Pending Copyrights"), which have since been registered and were made a part of this

---

[2] A true and correct copy of the Articles of Organization are attached to the Amended Complaint as "Exhibit 4."

[3] A true and correct copy of the Application is attached to the Amended Complaint as "Exhibit 5."

[4] A true and correct copy of the Notice is attached to the Amended Complaint as "Exhibit 6."

[5] True and correct copies of the Certificate of Registration from the United States Copyright Office for the seven copyrighted tikis are attached to the Amended Complaint as "Exhibit 2."

[6] True and correct copies of the Certificate of Registration from the United States Copyright Office for the additional three copyrighted tikis are to the Amended Complaint as "Exhibit 3."

Initials: /s/ Trent Smith  /s/ Todd Smith ____ Dalong ____ Atmosphere /s/ Dennis Pfefferkorn        Page 3 of 13

action as part of the Plaintiffs' claims for tortious interference with business and contractual relationships, trade dress infringement, and civil conspiracy.

15. Hereinafter, the Original Copyrights, Additional Copyrights, and Pending Copyrights will individually and collectively be referred to as the "Plaintiffs' Copyrights." Plaintiffs rights in Plaintiffs' Copyrights are the result of the unique design features, including but not limited to each tiki's size, shape, color, and expression.

16. Plaintiffs have all rights and title in the Island Tiki catalog ("Island Tiki Catalog"), which is part of the Plaintiffs' distinctive trade dress.[7]

17. Plaintiffs' goods and services, including the Island Tiki Catalog and other products, have a distinct design, configuration, packaging, and distinguishing guise, which is otherwise known as a distinctive "trade dress," that lets consumers know the goods and services have come from a single identifiable distinct source.

18. Plaintiffs are the owners and holders of all rights, title, and interest in Island Tiki, Inc., Got Tiki?, LLC and Got Tiki?, LLC d/b/a Island Tiki's (collectively, "Island Tiki") proprietary and confidential information, products, catalogs, trade dress, copyrights and other intellectual property, which includes, but is not limited to the Smiths' Copyrights (collectively, "Island Tiki Products"): Certificate of Registration, No. VAu702-346, dated May 1, 2006; Certificate of Registration, No. VAu702-347, dated May 1, 2006; Certificate of Registration, No. VAu702-348, dated May 1, 2006; Certificate of Registration, No. VAu702-349, dated May 1, 2006; Certificate of Registration, No. VAu702-350, dated May 1, 2006; Certificate of Registration, No. VAu702-351,

---

[7] A true and correct copy of the Island Tiki Catalog ("Island Tiki Catalog") is attached to the Amended Complaint as "Exhibit 7."

Initials: _TS_ Trent Smith _TS_ Todd Smith ___ Dalong ___ Atmosphere _DP_ Dennis Pfefferkorn  Page 4 of 13

dated May 1, 2006; Certificate of Registration, No. VAu702-352, dated May 1, 2006; Certificate of Registration, No. VAu702-353, dated May 1, 2006; Certificate of Registration, No. VAu716-267, dated October 11, 2006; Certificate of Registration, No. VAu738-140, dated March 6, 2007; Certificate of Registration, No. VAu741-062, dated March 6, 2007; Certificate of Registration, No. VAu738-139, dated March 6, 2007; Certificate of Registration, No. VAu738-141, dated March 6, 2007; Certificate of Registration, No. VAu742-401, dated March 27, 2007; Certificate of Registration, No. VAu744-172, dated May 14, 2007; and Certificate of Registration, No. VAu746-244, dated May 14, 2007.

19. Defendants do not have any rights, title, or interest in the Island Tiki Products.

20. Defendants have imported, made, used, sold, and/or offered for sale products that compete and/or infringe upon the Island Tiki Products.

Wherefore, it is **ORDERED AND ADJUDGED:**

21. The foregoing facts are true and correct, and incorporated herein by reference.

22. This Court has jurisdiction over the subject matter and the parties to this action.

23. Plaintiffs' copyright and trade dress rights are valid and infringed by the Defendants' accused products.

24. Defendants and their officers, directors, employees, and affiliates, including any affiliates the Defendants, individually or collectively, have an interest in or exercises control in, whether directly or indirectly, as well as any other person or entity, who acts in concert or participation with the Defendants and/or who receives actual or constructive notice of this Agreement, are hereby immediately and permanently enjoined and restrained from directly or

indirectly engaging in the following acts:

(a) manufacturing, producing, importing, exporting, purchasing, selling, offering for sale, distributing, possessing, or promoting any Island Tiki Products;

(b) using any counterfeit, reproduction, copy or other imitation of Island Tiki Products;

(c) using any name, term, mark or trade dress, which is confusingly similar to, or any colorable variation of Island Tiki Products;

(d) using any other name, term, mark, or trade dress, which infringes upon or unfairly competes with Island Tiki Products;

(e) using any design, sketch, drawing, diagram, idea, model, outline, pattern, picture, plan, which is indistinguishable from any Island Tiki Products, alone or in combination or conjunction with any other design, sketch, drawing, diagram, idea, model, outline, pattern, picture, plan;

(f) using any other design, sketch, drawing, diagram, idea, model, outline, pattern, picture, plan, which infringes upon or unfairly competes with Island Tiki Products;

(g) soliciting, contacting, approaching, or engaging in communication with any Island Tiki customer, vendor, and/or distributor in connection with sculptures, home decor, garden decor, and wood carvings;

(h) consulting, advising, or receiving compensation from Island Tiki's competitors, which market products substantially similar to Island Tiki Products;

(i) soliciting, contacting, approaching, or engaging in communication with any Island Tiki customer, vendor, and/or distributor in violation of this Agreement;

Initials: __ Trent Smith __ Todd Smith ___ Dalong ___ Atmosphere __ Dennis Pfefferkorn      Page 6 of 13

(j) soliciting, contacting, approaching, or engaging in communication with any Island Tiki customer, vendor, and/or distributor in connection with any of Island Tiki Products; and

(k) any communication which unfairly reflects upon Island Tiki or Island Tiki Products.

25. Plaintiffs shall have the right to recover from Pfefferkorn the following: (a) the sum of $1,263.00, which is to be received by Plaintiffs from Pfefferkorn on or before February 6, 2008; and (b) the sum of $10,000.00 to be paid in increments of $500.00, which must be received by the Plaintiffs from Pfefferkorn on or before the 1st of every month until the final payment is made, except that the first payment is due February 6, 2008.

26. All injunctive and monetary recovery is accounted for in the judgment, including damages, profits, attorney's fees, costs, and other forms of recovery. Each party shall bear its own attorney's fees and costs.

27. Except for the obligations and rights set forth herein or the claims made in the currently pending case styled <u>Eric Magun and Atmosphere International, Inc. v. Trent Smith and Todd Smith</u>, Case No. 502007CA001012XXXXMB (15th Judicial Circuit, Palm Beach County, Florida., filed January 23, 2007), Plaintiffs and Defendants hereby release and forever discharge each other, their estates, successors, and assignees from any and all claims, demands, causes of action, obligations, rights of action, contracts, damages, controversies, covenants, agreements, penalties, remedies and liabilities of any nature whatsoever, whether or not presently known, suspected or claimed, which each had, now have, claim to have as of the date hereof.

28. In any action to enforce this Stipulated Final Judgment, each party shall have the right to seek sanctions for contempt, compensatory damages, and injunctive relief, as well as any

Initials: ___ Trent Smith ___ Todd Smith ___ Dalong ___ Atmosphere ___ Dennis Pfefferkorn        Page 7 of 13

other remedy available under federal or state law deemed proper; the prevailing party in such action shall be entitled to reasonable attorney's fees and all of its costs, whether taxable or non-taxable, including investigative expenses.

29. Any party may elect to waive the above terms, but only if such waiver is made in a writing executed by the party against whom the waiver is sought to be enforced. A waiver made in writing on one occasion is effective only in that instance and only for the purpose stated. A waiver once given is not to be construed as a waiver on a future occasion or against any other party.

30. This Court will retain continuing jurisdiction over this cause to enforce the terms of the Stipulated Final Judgement.

31. The Stipulated Final Judgment shall be the final decree in this action, and shall be conclusive for purposes of collateral estoppel regarding all issues that have been brought or could have been brought on the same operative facts, except those issues brought in the currently pending case styled: <u>Eric Magun and Atmosphere International, Inc. v. Trent Smith and Todd Smith</u>, Case No. 502007CA001012XXXXMB (15th Judicial Circuit, Palm Beach County, Florida., filed January 23, 2007), . The Clerk of Court is directed to close the file.

**DONE AND ORDERED** in Chamber in West Palm Beach, Palm Beach County, Florida, on this 27 day of February, 2008.

_____
The Honorable Donald M. Middlebrooks
U.S. District Court Judge

Initials: ___ Trent Smith ___ Todd Smith ___ Dalong ___ Atmosphere ___ Dennis Pfefferkorn

Page 8 of 13

## STIPULATION OF PARTIES

The undersigned represent they have authority to enter into the foregoing Stipulated Final Judgment, and it is so agreed by:

**TRENT SMITH**

By: _Trent Smith_
    Trent Smith
Date: 2/12/08

STATE OF _Florida_ )
                      ) SS.
COUNTY OF _Brevard_ )

BEFORE ME, the undersigned authority, this day personally appeared Trent Smith, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this written instrument and that by his signature he is authorized to act in the capacity of his title and on behalf of the person or entity listed above.

Sworn to and subscribed before me this 12 day of February 2008.

PATRICIA K. MAGERS
Comm# DD0608846
Expires 1/30/2011
Florida Notary Assn., Inc

_Patricia K. Magers_
Notary Signature
Printed Name: PATRICIA K. MAGERS

My Commission Expires: 1/30/2011
Personally Known _X_ or Produced Identification ____
Type of Identification Produced: _____

**TODD SMITH**

By: /s/ Todd Smith

Date: 2/13/08

STATE OF Florida )
                 ) SS.
COUNTY OF Brevard )

BEFORE ME, the undersigned authority, this day personally appeared Todd Smith, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this written instrument and that by his signature he is authorized to act in the capacity of his title and on behalf of the person or entity listed above.

Sworn to and subscribed before me this 13 day of February 2008.

[Notary seal: PATRICIA K. MAGERS, Comm# DD0000045, Expires 1/30/2011, Florida Notary Assn., Inc]

Notary Signature: /s/ Patricia K. Magers

Printed Name: PATRICIA K. MAGERS

My Commission Expires: 1/30/2011
Personally Known ✗ or Produced Identification ___
Type of Identification Produced: ___

**DENNIS PFEFFERKORN**

By: _____
      Dennis Pfefferkorn

Date: 2/5/08

STATE OF New Jersey )
                          ) SS.
COUNTY OF Ocean )

      BEFORE ME, the undersigned authority, this day personally appeared Dennis Pfefferkorn, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this written instrument and that by his signature he is authorized to act in the capacity of his title and on behalf of the person or entity listed above.

      Sworn to and subscribed before me this 5th day of February, 2008.

_____
Notary Signature

Printed Name: Brenda L. DePaul

**BRENDA L. DEPAUL**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires March 30, 2011**

My Commission Expires: March 30, 2011
Personally Known X or Produced Identification ____
Type of Identification Produced: _____